HOOPER, Chief Justice
(concurring in part and dissenting in part).
Maxell Leon Webb was employed by the Haleyville Housing Authority to do general maintenance work. He was burned while attempting to repair a clogged sewer line at an apartment operated by the Authority; the burn was caused by a solvent known as Flo-Thru, which Webb was using in the repair. The Flo-Thru had been manufactured by *1138 Hill Manufacturing Company, Inc. Webb sued Hill Manufacturing under the Alabama Extended Manufacturer’s Liability Doctrine, alleging that Flo-Thru was an unreasonably dangerous and defective product and that it had been sold without sufficient warnings. The jury awarded Webb $300,000 in compensatory damages and $600,000 in punitive damages. All post-trial motions were denied. Hill Manufacturing appeals.
The evidence indicated that the Flo-Thru solvent Webb used was obtained from a red bucket with a blue label. The label indicated that the product was manufactured in 1989. The labels used were revised sometime after 1989 in order to comply with standards of the American National Safety Institute (“ANSI”). The label in question was the older unrevised version. It is undisputed that the older labels did not comply with the 1988 ANSI standards. Testimony indicated that applying the Flo-Thru too quickly could cause splattering of hot water. Also, any subsequent application of the product within a short time after the first could cause a chemical eruption. The instructions for using the product did indicate that if the drain is not unclogged then a second application should be made 30 minutes to an hour after the first. The directions did not indicate the possible consequences of not waiting. Webb also argued that Hill Manufacturing did not subject the product to a sufficient variety of tests. Further, there was evidence that the product was accompanied by a “Material Safety Data Sheet” that contained additional warnings. The evidence showed that the older label did suggest the use of gogglés and a face shield as protective equipment. Webb argued that Hill Manufacturing should have further stated that the user should wear rubber gloves, rubber boots, or a rubber apron and should have told what to do in the event the solvent contacted the skin.
The issues presented in this appeal are: whether the jury was presented with clear and convincing evidence of wantonness to support the jury’s award of punitive damages; whether.Webb presented substantial evidence that Hill Manufacturing had failed to adequately warn of the dangers associated with the use of Flo-Thru; whether the trial court’s failure to give Hill Manufacturing’s requested jury instruction as to a third party’s duty to warn the ultimate user of the dangers of Flo-Thru is reversible error; whether the trial court committed reversible error by refusing to allow testimony concerning OSHA regulations and the duty of the Authority to warn Webb of the dangers associated with the use of Flo-Thru; and whether Webb’s expert witness, Nicholas Crisler, was competent to testify.
The majority of this Court affirms without an opinion. However, to the extent the majority upholds the trial court’s award based on the finding of wantonness, I must respectfully dissent. The behavior exhibited by Hill Manufacturing was not wanton, for several reasons. Although the older label did not comply with the ANSI standards, it nonetheless contained instructions warning that if the drain was not unclogged then a second application should be made 30 minutes to an hour after the first. The record shows that if those instructions had been followed then the injury at issue in this case probably would not have occurred. Also, the older label suggested the use of goggles and a face shield as protective equipment. The record indicates that Hill Manufacturing warned users to protect themselves adequately. Where is the “clear and convincing” evidence of wantonness?
“Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability.” Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142, 145 (Ala.1987). This Court also stated in Lynn Strickland Sales & Service: “ Willful and wanton conduct should not be confused with negligence. It has been correctly stated that the two concepts are as “unmixable as oil and water.” ’ ” 510 So.2d at 146 (quoting Dooley’s Modern Tort Law, § 4.22 at 117 (1982)). Despite a recent clarification of Lynn Strickland Sales & Service, this Court still recognizes a clear distinction between wantonness and negligence. See Alfa Mut. Ins. Co. v. Roush, 723 So.2d 1250 (Ala.1998).
In this present case, the actions taken and the warnings provided on the older label adequately illustrate that Hill Manufactur *1139 ing’s actions were in no way wanton. Proof of wantonness should be measured by a strict standard. The record does not contain clear and convincing evidence of wantonness. Therefore, as to the issue of wantonness, I must respectfully dissent. Otherwise, I concur.